[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs appeal, by application for a reassessment of damages pursuant to Conn. Gen. Stat. § 13a-76, from the defendant Commissioner of Transportation's Assessment of Damages and Benefits filed with the clerk of the Superior Court for the Judicial District of Hartford/New Britain on July 21, 1993.
On March 15, 1994 plaintiff's appeal was referred by the court (Jackaway, Judge) to Julius J. Kremski, State Trial Referee for all further proceedings — as prescribed by Conn. Gen. Stat. § 52-434a and § 430 of the Connecticut Practice Book.
A hearing was held wherein the court heard the parties and reviewed the premises. The court after reviewing the exhibits, the appraisal reports, and the briefs of the parties, finds:
The plaintiffs' real estate, the subject of these proceedings, abuts state Route 372. The defendant state condemned a portion of the plaintiff's real estate in connection CT Page 8469 with the widening or improving of Route 372. The land taken by the defendant is approximately 0.047 of an acre, and the taking date is July 21, 1993. On this date the State deposited with the clerk of the Superior Court for the judicial District of Hartford/New Britain the sum of Ten Thousand Four Hundred ($10,400.00) Dollars for the use of the plaintiff. This sum was the assessed damages determined by the defendant to be due to the plaintiff resulting from the taking of the above-mentioned land. The court finds that the plaintiff is sufficiently aggrieved by the assessment of damages made by the defendant to have standing to bring this action.
The plaintiffs claim, inter alia, that in assessing damages the defendant failed to consider adequately the damages resulting to the remaining land caused by bringing the highway closer to the commercial building with the resulting decrease in its off-street customer parking adversely affecting the value of the property for commercial purposes. Further, the plaintiffs charge that the portion of land taken had automobile parking spaces for the commercial occupants of the building. That by bringing the highway closer to the building the potential for installing a driveway was reduced, and consequently the property's value was reduced.
The plaintiffs also contend that the potential for building additional commercial premises was greatly reduced. This further reduced the value of the remaining land.
Because of the taking of the 0.047 acre of the plaintiffs' land, the plaintiffs value the damages at $35,000.00 for both the portion of land taken and the adverse affect on the value of the remaining land.
The defendant rebuts the plaintiffs' arguments regarding the valuation of the plaintiff's premises by presenting evidence through its appraiser, Rosario Ferraro.
Ferraro appraised the fair market value of the land taken as being reduced by $10,400.00. That this valuation is for the land taken, and that there is no reduction in value of the remaining premises. And that this is the amount of damages.
The $10,400.00 valuation was arrived at by Ferraro though a comparison of other sales in the area. Ferraro testified that the valuation of the land taken amounted to CT Page 8470 $10,400.00; and, that the remaining parcel suffered no resulting damages.
Plaintiffs' appraiser, John Dagada, testified that the portion taken by the defendant reduced the value of the total parcel by $35,000.00. He arrives at this figure by assuming the potential for building additional commercial space on the premises is substantially limited because of loss of parking spaces and inability to have a two-way driveway on the premises.
Defendant's appraiser determined land value for the plaintiffs' property based upon its commercial use — the best and highest use for the premises. He used the comparable sales approach in determining the value of the land for such purpose. He testified there was no reduction in the value of the building or in its use.
There was no testimony that the actual value of the premises after the taking was presently reduced, except, that the appellant-owner alleges that some parking spaces were lost (or would be lost). The plaintiff also contends that a potential for adding a building with commercial space on the premises was limited if not destroyed because two-way traffic for a driveway would not be possible.
The plaintiffs' appraiser determined the damages to the plaintiff's premises using an income approach. In arriving at a valuation using the gross possible income approach, he assumed a new building could be built on the premises which would provide income at $12.00 a square foot even though the existing buildings were providing income at $5.17 a square foot (pet shop), and $7.16 a square foot (Arrow Drug).
In addition, he assumed the loss of six parking spaces and the inability to use the driveway for two-way traffic.
The court finds that the assumption made by plaintiff's appraiser as to possible income from the construction of another commercial building on the premises is grossly overstated. Further, that the loss of use of a driveway was strictly conjecture. The court does find that the plaintiff's parking spaces were reduced by three. That the damages resulting from this loss is $4,500.00. CT Page 8471
The court taking into consideration the testimony and other evidence presented at the hearing, as well as its own experience and knowledge, finds that the value of the parcel taken by the defendant amounts of $14,900.00; that the parcel remaining after the taking was not adversely affected; and, that the total damages resulting to the plaintiff from the taking by the defendant of the parcel hereinbefore mentioned, including both the parcel of land taken as well as the fact that there was no reduced value of the remaining parcel amounts to $14,900.00.
Therefore, judgment is to enter for the plaintiff in the sum of $14,900.00 plus costs including reasonable appraiser's fees of $2,000.00 plus $300.00 to testify in court, reduced by the sum of $10,400.00 deposited by the defendant on July 21, 1993 with the clerk of the Superior Court for the Judicial District of Hartford/New Britain for the benefit of the plaintiff, together with interest at 10% on the sum over and above the deposited amount, i.e., $4,500.00.
JULIUS J. KREMSKI STATE TRIAL REFEREE